CROWELL & MORING LLP
Jennifer S. Romano (CSB No. 195953)
 jromano@crowell.com
Yao Mou (CSB No. 322659)
 ymou@crowell.com
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.2690
Facsimile: 213.622.2690

CROWELL & MORING LLP
Daniel M. Glassman (CSB 179302)
 dglassman@crowell.com
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone: 949.263.8400
Facsimile: 949.263.8414

Attorneys for Defendants and Third-Party Plaintiffs
EVEREST URGENT CARE LLC and XIAOBIN LI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, | Case No. 8:20-cv-01813-JVS-JDE |
| Plaintiff, | Hon. James V. Selna |
| v. | **THIRD-PARTY COMPLAINT FOR:** |
| EVEREST URGENT CARE LLC; XIAOBIN LI; DOES 1 through 100, | **1. INDEMNIFICATION;** |
| Defendants. | **2. CONTRIBUTION** |
| | **DEMAND FOR JURY TRIAL** |
| EVEREST URGENT CARE LLC; XIAOBIN LI, | |
| Third-Party Plaintiffs, | |
| v. | |
| INMODE, LTD.; and ROES 1-10, | |
| Third-Party Defendants. | |

Defendants and Third-Party Plaintiffs Everest Urgent Care LLC and Xiaobin Li, M.D. (collectively "Third-Party Plaintiffs") allege upon knowledge as to their own actions, and upon information and belief as to all other matters, against Third-Party Defendants InMode, Ltd. and Roes 1 through 10 ("Third-Party Defendants") as follows:

## THE PARTIES

1.	Defendant and Third-Party Plaintiff Everest Urgent Care LLC ("Everest") is a Pennsylvania Limited Liability Corporation doing business in the State of Pennsylvania.

2.	Defendant and Third-Party Plaintiff Xiaobin Li, M.D. ("Dr. Li") is a physician doing business in the State of Pennsylvania and is associated with Everest.

3.	Third-Party Plaintiffs are informed and believe and thereon allege that Third-Party Defendant InMode, Ltd. ("InMode") is, and at all relevant times was, a Delaware corporation doing business in the State of California with its principal place of business in Lake Forest, Orange County, California.

4.	Third-Party Plaintiffs are informed and believe and thereon allege that each of the Third-Party Defendants fictitiously sued hereunder as Roes 1 through 10 are in some manner responsible for the occurrences alleged hereunder and the damages which Third-Party Plaintiffs allege hereunder, and at all times, each of said Roes was acting as the agent for each other or InMode within the scope and capacity of said agency.  Third-Party Plaintiffs are ignorant of the true names and capacities of such Third-Party Defendants sued herein as Roes 1 through 10 inclusive and therefore sue these Third-Party Defendants by such fictitious names for the same acts and causes of action alleged against Third-Party Defendants. Third-Party Plaintiffs will seek leave of Court to amend this Third-Party Complaint to allege the true names and capacities of said Third-Party Defendants at such time as they may be ascertained.

-1-

CROWELL
& MORING LLP
ATTORNEYS AT LAW

THIRD-PARTY COMPLAINT AGAINST INMODE, LTD;
CASE NO. 8:20-CV-01813-JVS-JDE

LAACTIVE-604804684.4

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

6. This Court has personal jurisdiction over InMode because its principal place of business is in Lake Forest, Orange County, California, and it has engaged in business transactions and wrongful conduct in the state of California and specifically in this District, and the claims alleged herein arise out of those transactions and conduct.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as InMode is based and transacts business in this District.

## GENERAL ALLEGATIONS

8. On May 26, 2020, Plaintiff Balboa Capital Corporation ("Plaintiff") filed this lawsuit in Orange County Superior Court ("Complaint") against Defendants and Third-Party Plaintiffs Everest and Dr. Li, alleging that Plaintiff loaned Everest $180,740 to finance the purchase of medical equipment from a third-party and that Dr. Li guaranteed the loan. Plaintiff alleges in the Complaint that Everest stopped making the required payments pursuant to that loan and seeks the current balance on the equipment financing loan plus interest.

9. On September 21, 2020, Third-Party Plaintiffs removed the Complaint to this Court.

10. The financed medical equipment was purchased by Everest from InMode, whereby InMode agreed to sell, deliver, and install the equipment, and warranted that the equipment would work for its intended use.

11. Third-Party Defendants failed to fully deliver the medical equipment as promised, failed to provide set-up support as promised, and failed to provide replacements for parts to the medical equipment that was either broken or did not work as promised. Accordingly, the medical equipment was never fully delivered,

1  installed, or usable for its intended purposes.

2      12.    Third-Party Plaintiffs attempted to return the medical equipment to Third-Party Defendants but such attempts were refused by Third-Party Defendants.

## FIRST CLAIM FOR RELIEF
## (INDEMNIFICATION AGAINST THIRD-PARTY DEFENDANTS)

    13.    Third-Party Plaintiffs incorporate herein, by way of reference, all other paragraphs set forth in this Third-Party Complaint in support of this claim for relief.

    14.    Plaintiff alleges in its Complaint that it suffered damages as a result of Third-Party Plaintiffs' alleged failure to pay for medical equipment Everest purchased from Third-Party Defendants that was financed by Plaintiff.

    15.    Third-Party Plaintiffs allege that they are in no way legally responsible for the events giving rise to Plaintiff's action and not legally responsible in any manner for the damages allegedly sustained by Plaintiff.  If, contrary to the foregoing allegations, Third-Party Plaintiffs are held to be liable for all or any part of the claim for damages asserted by Plaintiff against Third-Party Plaintiffs, then Third-Party Plaintiffs are informed and believe, and based upon such information and belief, allege that Third-Party Defendants, and each of them, were the proximate cause of the alleged damages and/or losses to Plaintiff.

    16.    If Third-Party Plaintiffs are held liable and responsible to Plaintiff for damages as alleged in the Complaint, it will be solely due to the conduct of Third-Party Defendants, and each of them, as alleged herein.  Therefore, Third-Party Plaintiffs are entitled to be indemnified by Third-Party Defendants, and each of them should such liability arise.

## SECOND CLAIM FOR RELIEF
## (CONTRIBUTION AGAINST THIRD-PARTY DEFENDANTS)

    17.    Third-Party Plaintiffs incorporate herein, by way of reference, all other paragraphs set forth in this Third-Party Complaint in support of this claim for relief.

    18.    Third-Party Plaintiffs contend that they are in no way legally

responsible for the damages alleged in Plaintiff's Complaint.  However, if as a result of the matters alleged in Plaintiff's Complaint, Third-Party Plaintiffs are held liable for all or any part of Plaintiff's alleged damages, Third-Party Defendants herein, and each of them, to the extent that their fault is determined by the court, are obligated to reimburse and are liable to Third-Party Plaintiffs for all or any liability so asserted by way of contribution and Third-Party Plaintiffs accordingly assert herein such right to contribution.

WHEREFORE, Third-Party Plaintiffs pray for Judgment against Third-Party Defendants and each of them as follows:

1. For compensatory damages, according to proof;

2. For an order that Third-Party Plaintiffs are entitled to be fully indemnified by Third-Party Defendants, and each of them, for any and all judgments entered against Everest as a result of this action;

3. For attorneys' fees;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem proper.

Dated:  October 13, 2020

CROWELL & MORING LLP

By: */s/ Daniel M. Glassman*

Jennifer S. Romano
Daniel M. Glassman
Yao Mou

Attorneys for Defendants and Third-Party Plaintiffs EVEREST URGENT CARE LLC and XIAOBIN LI, M.D.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

THIRD-PARTY COMPLAINT AGAINST INMODE, LTD;
CASE NO. 8:20-CV-01813-JVS-JDE

LAACTIVE-604804684.4

-5-

# DEMAND FOR TRIAL BY JURY

Third-Party Plaintiffs hereby demand trial by jury.

| Dated:  October 13, 2020 | CROWELL & MORING LLP |
|---|---|
| | By: */s/ Daniel M. Glassman* <br><br> Jennifer S. Romano <br> Daniel M. Glassman <br> Yao Mou <br><br> Attorneys for Defendants and Third-Party Plaintiffs EVEREST URGENT CARE LLC and XIAOBIN LI, M.D. |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

THIRD-PARTY COMPLAINT AGAINST INMODE, LTD;
CASE NO. 8:20-CV-01813-JVS-JDE

LAACTIVE-604804684.4